ALBERT OSTERLIND, administrator, *vs.* HAROLD J. HILL.

Middlesex.    December 6, 1927. — March 3, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Actionable Tort.    Negligence,* Causing death, Renting boat.    *Pleading, Civil,* Declaration.    *Canoe.*

The allegations of the declaration in an action of tort by an administrator against one engaged in the business of letting for hire pleasure boats and canoes to be used on a lake were in substance as follows: that the defendant let for hire "a frail and dangerous canoe" to the intestate and a companion, well knowing that they then were intoxicated and manifestly unfit to go upon the lake in the canoe; that they went out in the canoe which shortly afterwards was overturned, and that the intestate, after hanging to it for approximately one half hour and making loud calls for assistance, which calls the defendant heard and utterly ignored, was obliged to release his hold and was drowned; that the intestate and his companion were intoxicated and incapacited to enter into any valid contract or to exercise any care for their own safety and that the condition of the intestate was involuntary and induced through no fault of his own.    In various counts, it was alleged that conscious suffering and death of the intestate resulted from negligence, and from wilful, wanton or reckless misconduct of the defendant.    There was no allegation that the canoe was out of repair and unsafe.    Upon demurrer by the defendant, it was *held,* that

(1) On the facts stated in the declaration, the intestate was not in a helpless condition when the defendant permitted him to enter the canoe; distinguishing *Black* v. *New York, New Haven & Hartford Railroad,* 193 Mass. 448;

(2) The defendant violated no legal duty in renting the canoe to a person in the condition in which the plaintiff was alleged to be;

(3) The allegation to the effect that the intestate was incapable of exercising any care for his own safety was controlled by the allegations in the same counts that he hung to the side of the canoe for approximately one half hour, calling for assistance;

(4) The failure of the defendant to respond to the intestate's outcries was immaterial;

(5) The allegation that the canoe was "frail and dangerous" appeared to be a general characterization of canoes;

(6) The declaration disclosed no cause of action.

TORT for causing conscious suffering and the death of the plaintiff's intestate.    Writ dated July 1, 1926.

The declaration and the amendments are described in the opinion.    The defendant demurred.    The demurrer was

heard by *Weed,* J., and was sustained; and the judge reported his ruling to this court for determination.

*F. W. Campbell,* for the plaintiff.

*C. L. Allen,* for the defendant.

BRALEY, J.    This is an action of tort brought by the plaintiff as administrator of the estate of Albert T. Osterlind to recover damages for the conscious suffering and death of his intestate.    There are four counts in the original declaration and five counts in the amended declaration to each of which the defendant demurred.    The first count of the original declaration alleges, that on or about July 4, 1925, the defendant was engaged in the business of letting for hire pleasure boats and canoes to be used on Lake Quannapowitt in the town of Wakefield; that it was the duty of the defendant to have a reasonable regard for the safety of the persons to whom he let boats and canoes; that the defendant in the early morning of July 4, 1925, in wilful, wanton, or reckless disregard of the natural and probable consequences, let for hire to the intestate and one Ryan a frail and dangerous canoe, well knowing that the intestate and Ryan were then intoxicated, and were then manifestly unfit to go upon the lake in the canoe; that, in consequence of the defendant's wilful, wanton, or reckless disregard of his duties, the intestate and Ryan went out in the canoe which shortly afterwards was overturned and the intestate after hanging to it for approximately one half hour, and making loud calls for assistance, which calls the defendant heard and utterly ignored, was obliged to release his hold, and was drowned; that in consequence of the defendant's wilful, wanton, or reckless conduct, the intestate endured great conscious mental anguish and great conscious physical suffering from suffocation and drowning.    Count two differs materially from count one only in so far as negligent conduct is alleged as distinguished from wilful, wanton, or reckless conduct.    In count three the acts of the defendant set forth in the previous counts are relied upon as stating a cause of action for death as a result of the defendant's wilful, wanton, or reckless conduct.    The only material distinction between count three and count four is that in the latter negligent conduct is alleged as contrasted

with wilful, wanton, or reckless conduct. The amended declaration adds allegations to the effect that the plaintiff's intestate and Ryan were intoxicated and incapacitated to enter into any valid contract or to exercise any care for their own safety and that the condition of the intestate was involuntary and induced through no fault of his own.

The trial court sustained demurrers to both the original and amended declarations and reported the case for determination by this court.

"At common law a right of action for tort does not survive the death either of the person injured or of the wrongdoer. *Wilbur* v. *Gilmore,* 21 Pick. 250. *Michigan Central Railroad* v. *Vreeland,* 227 U. S. 59, 67." *Putnam* v. *Savage,* 244 Mass. 83, 85. The basis of any recovery, therefore, must be the statutory provisions providing for the survival of certain actions. See G. L. c. 229, § 5, as amended by St. 1922, c. 439 and St. 1925, c. 346, § 9. The declaration must set forth facts which, if proved, establish the breach of a legal duty owed by the defendant to the intestate. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, 372. The plaintiff relies on *Black* v. *New York, New Haven & Hartford Railroad,* 193 Mass. 448, as establishing such a duty on the part of the defendant. In that case the jury would have been justified in finding that the plaintiff was "so intoxicated as to be incapable of standing, or walking, or caring for himself in any way . . . ." There was testimony to the effect that "when he fell, he did not seize hold of anything, his arms were at his side." The defendant's employees placed a .helpless man, a man impotent to protect himself, in a dangerous position. In the case at bar, however, it is alleged in every count of the original and amended declaration that after the canoe was overturned the intestate hung to the canoe for approximately one half hour and made loud calls for assistance. On the facts stated in the declaration the intestate was not in a helpless condition. He was able to take steps to protect himself. The defendant violated no legal duty in renting a canoe to a man in the condition of the intestate. The allegation appearing in each count of the amended declaration that the intestate was incapacitated

to enter into any valid contract states merely a legal conclusion. *Hollis* v. *Richardson,* 13 Gray, 392, 394. *Lothrop Publishing Co.* v. *Lothrop, Lee & Shepard Co.* 191 Mass. 353, 356. The allegations, therefore, in the counts of the amended declaration to the effect that the intestate was incapable of exercising any care for his own safety is controlled by the allegations in the same counts that he hung to the side of the canoe for approximately one half hour, calling for assistance. In view of the absence of any duty to refrain from renting a canoe to a person in the condition of the intestate, the allegations of involuntary intoxication relating as they do to the issues of contributory negligence become immaterial. The allegations of wilful, wanton or reckless conduct also add nothing to the plaintiff's case. The failure of the defendant to respond to the intestate's outcries is immaterial. No legal right of the intestate was infringed. *Griswold* v. *Boston & Maine Railroad,* 183 Mass. 434. *Taft* v. *Bridgeton Worsted Co.* 237 Mass. 385, 387, 388, and cases cited. The allegation common to both declarations that the canoe was "frail and dangerous" appears to be a general characterization of canoes. It is not alleged that the canoe was out of repair and unsafe.

It follows that the order sustaining each demurrer is

*Affirmed.*