No. 20,003.

HAROLD L. HULL, ET AL., *v.* PAUL B. RUND.

(374 P. [2d] 351)

Decided July 16, 1962.   Rehearing denied September 17, 1962.

Mr. ELIAS J. CANDELL, for plaintiffs in error.

Messrs. HACKETHAL and McNEILL, Messrs. WORMWOOD, O'DELL and WOLVINGTON, Mr. CHARLES M. DOSH, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DAY delivered the opinion of the Court.

426

THE parties are here in the same order they appeared in the trial court and will be so referred to. Plaintiffs brought suit against the defendant, sole proprietor of a tavern, for damages for injuries sustained in an altercation in his establishment.

Plaintiffs contended they were patrons in the tavern owned by the defendant and were the victims of an unprovoked attack at the hands of two other patrons of the establishment. Both in the pleadings and at the trial, the action was predicated solely upon the theory that defendant sold liquor to an intoxicated person—one Betty Cunningham—in violation of C.R.S. '53, 75-2-3 (2) and C.R.S. '53, 75-2-37 (1).

Plaintiffs based their action entirely on the theory of strict liability, predicating their right to recover on the proposition that the statute was violated and that proof thereof ipso facto entitled them to judgment as a matter of law, and contending that there was presented for determination by a jury only a disputed question of fact, namely, whether the patron, Betty Cunningham, was intoxicated at the time she was served additional beers by defendant. Judgment was entered in favor of defendant on his motion for directed verdict at the close of plaintiffs' evidence, the court dismissing plaintiffs' action.

There was no allegation in the complaint and no proof at the trial that defendant failed to exercise due care or failed to protect plaintiffs against unforeseen danger, nor was there any allegation or proof of disregard of the plaintiffs' rights or safety on the part of the defendant. It is admitted that the assault by Betty Cunningham upon one of the plaintiffs, Jennie Hull, took place without warning. Harold Hull was engaged in a fight with Mrs. Cunningham's husband, and that fiasco is not even connected with violation of the statute.

The sole question for determination here is whether the statutes relied upon by plaintiffs give rise to a civil

action for damages. The sections of the statute involved read as follows:

75-2-3. "Unlawful acts.—It shall be unlawful for any person: * * * (2) *To sell* malt, vinous or spirituous liquors to any person under the age of twenty-one years, or to an habitual drunkard, or *to an intoxicated person, * * *."*

75-2-37. "Unlawful acts — sign — penalties. — (1) No person shall *sell,* serve, give away, dispose of, exchange or deliver, *or permit the sale,* serving, giving or procuring of any malt, vinous or spirituous liquor, as defined by section 75-2-4, to or for any person under the age of twenty-one years, *to a visibly intoxicated person,* or to a known habitual drunkard.

"(6) Any person violating any of the provisions of subsection (1) of this section shall be guilty of a misdemeanor and shall, upon conviction thereof, be fined not less than ten dollars nor more than three hundred dollars, or imprisoned in the county jail for not more than ninety days, or shall be both fined and imprisoned." (Emphasis supplied.)

The sections quoted above are penal laws and bear no relationship to liability under statutes commonly known as "civil damage acts" or "dramshop acts." If plaintiffs were entitled to recover, it would be under the common law and not under the above statutes.

The rule of common law liability is set forth in 30 A.J. 821, sec. 520, as follows:

" * * * However, the common-law rule is generally qualified to the extent of giving a right of action against one furnishing liquor in favor of those injured by the intoxication of the person so furnished, where the liquor was given or sold to a person who was in such a condition as to be deprived of his will power or responsibility for his behavior, or to a habitual drunkard, or in violation of a prohibitory statute. Moreover, liability is sometimes imposed upon proprietors of liquor establishments for failure to exercise reasonable care to protect patrons

from injury at the hands of intoxicated fellow patrons."

For further discussion of the applicable law see: *Fleckner v. Dionne,* 94 Cal. App. (2d) 246, 210 P. (2d) 530; *Cole v. Rush,* 45 Cal. (2d) 345; 289 P. (2d) 450; *Thomas v. Bruza,* 151 Cal. App. (2d) 150, 311 P. (2d) 128; 54 A.L.R. (2d) 1137.

There was no proof of any of the circumstances necessary to bring this case under the common-law rule. The court properly dismissed the action, hence the judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE not participating.