CHARLES DIMOND, administrator,[1] *vs.* PAOLO SACILOTTO (and two companion cases [2]).

Plymouth.    November 10, 1967. — January 5, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Proximate Cause. Alcoholic Liquors*, Sale to minor, Motor vehicle. *Negligence*, Violation of law, Sale of liquor.

The mere sale of alcoholic beverages to an intoxicated minor in violation of G. L. c. 138, §§ 34, 69, by the proprietor of a barroom could not have been found to have been the proximate cause of the deaths of other persons who came with the minor to the barroom in an automobile and, after leaving the barroom, were killed in the automobile when he so operated it while intoxicated as to run into a tree, where there was no evidence that the proprietor knew or should have known that the group had arrived by automobile or that the minor himself would drive it away, even though there was a town owned parking lot which patrons of the barroom could use.

TORT.    Writs in the Superior Court dated August 7, 1961, and February 14, 1962.

[1] Administrator of the estate of Charles Dimond, Jr.

[2] The companion cases are by Robert L. Schneider, administrator of the estate of Charles L. Goodine, and by Daniel W. McLean, administrator of the estate of Donald H. McLean, against the same defendant.

The actions were tried before *Spring*, J.

*Paul R. Sugarman* (*Neil Sugarman* with him) for the plaintiff McLean.

*Albert P. Zabin*, for the plaintiff Dimond & another, joined in a brief.

No argument or brief for the defendants.

WILKINS, C.J.  These actions are for death and conscious suffering caused by the defendant's negligence and violation of the law in selling alcoholic beverages to one Wainwright, a minor, who while intoxicated so operated an automobile as to run into a tree and to kill the plaintiffs' intestates, minors, who were his passengers.  The plaintiffs' exceptions are to the direction of verdicts for the defendant.

The defendant was the owner and operator of YD Lunch in Bridgewater.  Wainwright testified that he visited the YD Lunch in the company of the plaintiffs' intestates about 9 P.M. on February 15, 1961, for the purpose of drinking beer.  They arrived in an automobile driven by the plaintiff's intestate McLean.  Wainwright remained until 11 P.M., was served four or five beers, and "felt the alcohol" when he left.  Both the defendant, who acted as bartender, and the waitress, who served them, were convicted of selling intoxicating liquor to minors on this occasion.

The defendant could have been found to have violated G. L. c. 138, § 34, which provides in material part, "[Who]- ever makes a sale or delivery of . . . [alcoholic] beverages . . . to any person under twenty-one years of age . . . shall be punished by a fine . . . or by imprisonment . . . or both."  He also could have been found to have violated G. L. c. 138, § 69.  See *Adamian* v. *Three Sons, Inc.* decided this day, *ante*, 498.  But unlike that case, the evidence here did not warrant a finding that the defendant knew or should have known that the group had arrived by automobile or that Wainwright himself would drive away in one.  This conclusion could not have been inferred from the fact that there was a parking lot owned by the town which patrons of YD Lunch could use.  That the defendant could have been found to have sold beer to minors who became in-

toxicated would not, without more, satisfy the burden upon the plaintiffs to prove proximate cause. *Sullivan* v. *Griffin,* 318 Mass. 359, 361–362. *Deignan* v. *Lubarsky,* 318 Mass. 661, 664. See *Baggs* v. *Hirschfield,* 293 Mass. 1, 3; *Falvey* v. *Hamelburg,* 347 Mass. 430, 434–435. See also *Kelly* v. *Hathaway Bakeries, Inc.* 312 Mass. 297, 299; *Shaw* v. *Boston Am. League Baseball Co.* 325 Mass. 419, 423–424.

*Exceptions overruled.*