476 P.2d 57 (1970)
John N. McQUEEN and Engineered Equipment Incorporated, an lowa corporation, Plaintiffs in Error,
v.
Joseph E. ROBBINS, individually and Joseph E. Robbins, as Administrator of the Estate of Amy M. Robbins, Doran Leuszler and Dorothy Leuszler, Defendants in Error.
No. 70-253. (Supreme Court Nos. 23509 and 23911.)
Colorado Court of Appeals, Division I.
August 18, 1970.
Rehearing Denied September 22, 1970.
Certiorari Denied November 12, 1970.
Victor E. DeMouth, Golden, for plaintiff in error John N. McQueen.
Yegge, Hall & Evans, James C. Perrill, Denver, for plaintiff in error Engineered Equipment, Inc.
Litvak & Litvak, Lawrence Litvak, Denver, for defendants in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court *58 of Appeals under the authority vested in the Supreme Court.
This case involves an automobile accident in which one person was killed and several injured. John McQueen and Engineered Equipment Incorporated were the defendants below and bring this appeal from adverse jury verdicts.
Upon appellate review we must view the evidence in the light most favorable to the party that prevailed in the trial court. Chartier v. Winslow Crane Service Co., 142 Colo. 294, 350 P.2d 1044. Reviewed on such basis, the evidence indicates that just prior to the collision the defendant McQueen was drag racing and speeding, that his driving ability was impaired by alcohol, and that he ran a red light at the intersection where the collision occurred.
While there was some evidence of contributory negligence on the part of the plaintiff Joseph Robbins, we are unable to conclude that Joseph Robbins was contributorily negligent as a matter of law, or that such contributory negligence was the proximate cause of the accident. Issues of negligence, contributory negligence and proximate cause are matters generally to be resolved by the trier of facts; and only in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference from them should such issues be determined as a matter of law. Lasnetske v. Parres, 148 Colo. 71, 365 P.2d 250.
The briefs submitted on behalf of the defendant John McQueen contain more than twenty arguments for reversal. We have carefully examined the record and perceive no reversible error in the trial of the matter with respect to the liability of John McQueen, and as to such defendant the trial court's judgment will be sustained. R.C.P.Colo. 61.
There remains, however, the issue as to whether Engineered Equipment Incorporated, as McQueen's employer, was properly held liable under the doctrine of respondeat superior. There is no dispute that McQueen was regularly employed by Engineered Equipment Incorporated; thus, the issue is narrowed to the question of whether or not McQueen was acting within the scope of his employment when the accident occurred.
The trial court submitted this issue to the jury under an instruction which specified that an employer was liable for acts of the employee which were necesarily incidental to his employment. The instruction then concluded with this directive:
"An employee while lodging in a public accommodation, preparing to eat, or while going to or returning from a meal, is performing an act necessarily incident to his employment."
It is obvious that this instruction reduced the area of jury consideration on the scope of employment question to determining whether McQueen was going to or from a meal.
The given instruction was apparently based upon the case of Hynes v. Donaldson, 155 Colo. 456, 395 P.2d 221, in which the court stated:
"Under the circumstances, we hold that a servant while lodging in a public accommodation, preparing to eat, or while going to or returning from a meal, is performing an act necessarily incident to his employment."
In the instant case McQueen was on his way from his motel to pick up a girl friend for a pre-planned social evening which conceivably included eating dinner. There was undisputed evidence that at such time McQueen had totally completed his business for Engineered Equipment Incorporated in the Denver area and had received permission to take a day off before returning to Iowa. There was, therefore, a genuine issue of fact as to whether McQueen was still acting within the scope of his employment at the time of the accident, but the court's instruction left no room for the jury to resolve that issue of fact.
Although the Hynes case refers to "ministrations of self" as sometimes being incidental to a servant's employment, we cannot *59 stretch such concept to the point of holding that an employer is always liable for the acts of an out-of-town employee which occur when the employee is going to or from a meal. The result reached in the Hynes case is based upon the rationale that the acts of the servant there involved bore some relationship to the business of the master. Whether such relationship did or did not exist should have been determined in this case. The concluding language in the instruction given in this case precluded any determination of that question by the jury.
The judgment of the trial court with respect to the defendant McQueen is affirmed. The judgment against defendant Engineered Equipment Incorporated is reversed and this case remanded with directions that a new trial be had on the question of whether or not McQueen was acting within the scope of his employment by Engineered Equipment Incorporated at the time of the accident in question.
SILVERSTEIN, C. J., and DWYER, J., concur.