MARSHALL F. O'HANLEY vs. NINETY-NINE, INC.

Middlesex.    May 12, 1981. — June 12, 1981.

Present: HALE, C.J., GRANT, & SMITH, JJ.

*Alcoholic Liquors*, Sale to intoxicated person.  *Negligence*, Sale of liquor, Contributory.

The provision of G. L. c. 138, § 69, that no alcoholic beverage should be sold or delivered to an intoxicated person on any premises licensed under c. 138 was intended in part to protect the intoxicated person. [65-68]

In an action by a plaintiff who was injured when he fell off the bar in the defendant's restaurant while he was intoxicated, the judge erred in granting summary judgment for the defendant apparently on the basis of the plaintiff's response to an interrogatory that "[t]he cause of my accident was that I was intoxicated"; the plaintiff's statement was merely evidence of negligence and the questions of proximate cause and the percentages of negligence attributable to each party were for the jury's determination. [68-69]

On the defendant's motion for summary judgment in an action by a plaintiff who was injured when he fell off the bar in the defendant's restaurant while he was intoxicated, allegations in the plaintiff's complaint and affidavits that the plaintiff had consumed fifteen beers and six martinis at the restaurant and that his companions knew he was intoxicated were sufficient to warrant an inference that the bartenders continued to serve the plaintiff after they knew or should have known he was intoxicated. [69]

Under the provisions of G. L. c. 231, § 85, a plaintiff was not barred from maintaining a negligence action against the defendant for the reason that he was injured in the course of disturbing the peace within the meaning of c. 272, § 53. [69]

CIVIL ACTION commenced in the Superior Court on January 18, 1978.

The case was heard by *Zobel*, J., on motion for summary judgment.

*Irving H. Sheff* (*Samuel E. Greydanus, III,* with him) for the plaintiff.

*William L. O'Brien* for the defendant.

GRANT, J. This is an action by which the plaintiff seeks to recover damages for the personal injuries sustained by him when he fell off the bar in one of the defendant's restaurants. After the parties had answered each other's written interrogatories, the defendant moved for summary judgment under Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974). The plaintiff responded with affidavits of himself and several persons who had been his drinking companions during the events in question. After hearing, a judge of the Superior Court allowed the defendant's motion and entered judgment dismissing the action. The plaintiff appealed.

The following undisputed facts appear from the answers to interrogatories and the affidavits. Around noontime on Sunday, May 15, 1977, the plaintiff, age twenty-five, entered the defendant's establishment in Rockland at which it was licensed (under G. L. c. 138) to sell alcoholic beverages to be drunk on the premises. After having something to eat, the plaintiff started drinking with some of his friends. He purchased and consumed numerous drinks which were served him by one or the other (possibly both) of the two experienced bartenders who were then on duty. At some point the plaintiff became intoxicated, but (according to the affidavits) the bartender(s) continued to serve him and to receive payment and tips. By approximately 10:30 P.M. the plaintiff had been served and consumed at least fifteen Heineken beers and six martinis. He advised one of the bartenders that he intended to dance on the bar. "He acknowledged me and walked away. I stepped up on the chair beside me and then onto the bar where I stood up and then fell sideways landing directly on my right leg and knee." In response to an interrogatory which inquired as to the cause of the fall, the plaintiff asserted that "[t]he cause of my accident was that I was intoxicated."

1. It is obvious from the allegations of the plaintiff's amended complaint, from his answers to interrogatories,

and from his affidavits that he is attempting to proceed at common law on the theory that his injuries resulted from the negligence of the defendant in continuing to serve him drinks after he had become intoxicated, with a violation of G. L. c. 138, § 69,[1] constituting evidence of such negligence. See and compare *Three Sons, Inc. v. Phoenix Ins. Co.*, 357 Mass. 271, 275 (1970); *Wiska v. St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. 813, 816 (1979). See also *Wood v. Ray-Al Cafe, Inc.*, 349 Mass. 766 (1965); *Adamian v. Three Sons, Inc.*, 353 Mass. 498, 499 (1968); *Carey v. New Yorker of Worcester, Inc.*, 355 Mass. 450, 453 (1969). There is no case in which either of our appellate courts has held that § 69 was intended to protect the consumer of intoxicants, as well as third persons who may be injured by the consumer, and the intention of the Legislature in enacting that statute is the principal question which has been argued before us. We have no doubt as to how that question is to be answered.

In the *Adamian* case the Supreme Judicial Court had the following to say: "*The statute . . . was undoubtedly enacted with a purpose to safeguard*, not only *the intoxicated person* himself, but members of the general public as well. *The legislative policy*, being *clear*, is not to be rendered futile of practical accomplishment because of the repeal at the end of the prohibition era of the Dram Shop Act which gave an express right of action to persons suffering damage due to a violation of the act . . . . *Nor is the statute to be nullified by an inflexible adherence to the theory that the drinker alone is responsible, regardless of how intoxicated he may be when a bartender repeatedly serves him*" (emphasis supplied). 353 Mass. at 500. The court then went on to express its full agreement with the unanimous opinion in *Rappaport v. Nichols*, 31 N.J. 188 (1959), in which the Su-

---

[1] General Laws c. 138, § 69, as amended by St. 1973, c. 287, provides in pertinent part that "[n]o alcoholic beverage shall be sold or delivered on any premises licensed under this chapter . . . to an intoxicated person." Criminal penalties for violation of that section are imposed by G. L. c. 138, § 62, as appearing in St. 1935, c. 440, § 39.

preme Court of New Jersey said, "*When alcoholic beverages are sold by a tavern keeper* to a minor or *to an intoxicated person, the unreasonable risk of harm* not only *to* the minor or *the intoxicated person* but also to members of the traveling public *may readily be recognized and foreseen . . .*" (emphasis supplied). 31 N.J. at 202. In *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. at 453-454, the Supreme Judicial Court overruled the defendant's exception to so much of the charge to the jury[2] as instructed them that one of the purposes of G. L. c. 138, § 69, is "the protection of the . . . intoxicated person."

The New Jersey court has moved on to an express holding that a tavern keeper who violates a regulation against selling alcoholic beverages to anyone actually or apparently intoxicated may be held civilly accountable for injuries which proximately result to the intoxicated person. *Soronen* v. *Olde Milford Inn, Inc.*, 46 N.J. 582, 584-589, 592 (1966). A like conclusion was reached in *Ramsey* v. *Anctil*, 106 N.H. 375, 376 (1965). Many of the cases from other jurisdictions which have come to a different conclusion (see, e.g., *Nelson* v. *Steffens*, 170 Conn. 356, 358-361 [1976]) rest on the proposition, unceremoniously rejected in the *Adamian* case, that there can be no liability on the negligent server of alcoholic beverages in the absence of an express provision for such liability found in a dram shop or civil damage act.[3]

---

[2] There is a jury claim on the complaint in the present case.

[3] All the cases from other jurisdictions which have been cited by the parties have been examined with care. Some of the cases which deny recovery to the injured consumer rest on the same proposition as the *Nelson* case. Other of the cases (see, e.g., *Collier* v. *Stamatis*, 63 Ariz. 285, 290 [1945]) proceed on the theory that the injured consumer's voluntary intoxication is the proximate cause of his injury as matter of law, a theory which also appears to have been rejected by the *Adamian* case. Still other of the cases (see, e.g., *Moyer* v. *Lo Jim Cafe, Inc.*, 19 App. Div. 2d 523 [1963], aff'd, 14 N.Y. 2d 792 [1964]) proceed on the theory that the consumer's intoxication amounts to contributory negligence as matter of law, a theory which must necessarily give way to a comparative negligence statute such as G. L. c. 231, § 85, as appearing in St. 1973, c. 1123, § 1, which has expressly abolished contributory negligence as a defence.

We conclude that G. L. c. 138, § 69, was intended to safeguard a person such as the plaintiff in the case before us.

2. In addition to concluding that the plaintiff was not within the intended protection of § 69, the judge appears to have attached importance to what he characterized as the plaintiff's "concession" that the "cause" of his accident was that he was intoxicated. It seems likely (although we cannot be certain) that the judge was influenced to a belief that the plaintiff's intoxication was the sole, or at least the proximate, cause of his injury, to the exclusion of the possibility that the cause of the injury may have been the defendant's continuing to serve the plaintiff after he had become intoxicated. If the judge so concluded, we think he overlooked the principle that "inferences to be drawn from the facts contained in the pleadings . . . and other materials must be drawn against the movant and in favor of the party opposing" a motion for summary judgment. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 559 n.8 (1976). We think it not unlikely that the judge may also have overlooked the principle enunciated in the *Adamian* case that § 69 is "[not] . . . to be nullified by an inflexible adherence to the theory that the drinker alone is responsible, regardless of how intoxicated he may be when a bartender repeatedly serves him" (353 Mass. at 500). We are of opinion that the question of the proximate cause of the plaintiff's injury is one for the jury. See *Adamian* v. *Three Sons, Inc.*, 353 Mass. at 500; *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. at 453; *Sweenor* v. *162 State St., Inc.*, 361 Mass. 524, 527 (1972) ("[S]erving liquor to one already drunk may well . . . enhance the possibility of irrational acts. It is equally true that liquor impairs the individual's sense of balance"); *Smith* v. *Clark*, 411 Pa. 142, 144-146 (1963). Contrast *Barboza* v. *Decas*, 311 Mass. 10, 12-13 (1942); *Dimond* v. *Sacilotto*, 353 Mass. 501, 502-503 (1968); *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. at 817. We regard the so called concession as nothing more than evidence of negligence on the plaintiff's part (see *Osterlind* v. *Hill*, 263 Mass. 73, 76 [1928]) which is to be weighed by the

jury in determining the percentages of negligence to be assigned to the plaintiff and the defendant, respectively, under G. L. c. 231, § 85, as appearing in St. 1973, c. 1123, § 1.

3. The defendant all but concedes that an injury such as that sustained by the plaintiff was a foreseeable consequence of continuing to serve alcoholic beverages to a person who is intoxicated. See *Adamian* v. *Three Sons, Inc.*, 353 Mass. at 498-499, 501; *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. at 451-453; *Sweenor* v. *162 State St., Inc.*, 361 Mass. at 527. Contrast *Dimond* v. *Sacilotto*, 353 Mass. at 502. The defendant contends, however, that there was nothing in the materials before the judge which warranted an inference that either of the bartenders continued to serve the plaintiff after he knew or should have known that the plaintiff was intoxicated. See *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. at 818. We do not agree. We think a rational jury could properly conclude that a person in the position of the plaintiff would have displayed some outward manifestation of intoxication well in advance of ordering his fifteenth beer or his sixth martini which could have been recognized by an experienced bartender who was more interested in observing the law than in pocketing tips. If the plaintiff's drinking companions could conclude that he was intoxicated, so could the bartenders.

4. Finally, the defendant contends that the plaintiff should be barred from maintaining the action because he was injured in the course of disturbing the peace within the meaning of G. L. c. 272, § 53. The short answer to any such contention would appear to be that the second paragraph of G. L. c. 231, § 85, is explicit that "[t]he violation of a criminal statute . . . by a plaintiff which contributed to [his] injury . . . shall be considered as evidence of negligence of [the] plaintiff, but the violation of said statute . . . shall not as a matter of law and for that reason alone, serve to bar [the] plaintiff from recovery." No reason has been suggested why § 85 should not apply here.

*Judgment reversed.*