John C. THOMAS, Plaintiff-Appellant,

v.

PETE'S SATIRE, INC., d/b/a the Satire Lounge, Defendant-Appellee.

No. 83CA0342.

Colorado Court of Appeals, Div. II.

Oct. 31, 1985.

Rehearing Denied Nov. 29, 1985.

Certiorari Denied (Thomas) April 21, 1986.

Roath & Brega, P.C., David W. Stark, Ira M. Long, Denver, for plaintiff-appellant.

Robert E. Goodwin, Denver, for defendant-appellee.

STERNBERG, Judge.

This was an action, tried to the court, to recover damages for injuries suffered in an automobile accident. Plaintiff appeals the judgment of the trial court denying him recovery. We affirm.

Plaintiff and three companions went to defendant's bar after work. They ate dinner and drank for about two-and-one-half hours. During that time, plaintiff and one Wold each consumed ten drinks. The trial court found that employees of the bar continued to serve them when they knew or should have known that both men were visibly intoxicated, in violation of § 12–47–128, C.R.S.

After leaving the bar, despite the fact that his car was parked nearby, plaintiff chose to ride with Wold. Wold drove at an extremely high rate of speed, the police gave chase, and the Wold vehicle crashed

in an accident involving seven other vehicles. Plaintiff sustained severe injuries.

Plaintiff's complaint alleged a cause of action against defendant for negligence in serving Wold and further alleged that defendant had violated § 12–47–128(1)(a), C.R.S. Defendant's answer asserted the affirmative defenses of contributory negligence and assumption of the risk, alleging that plaintiff voluntarily chose to ride with Wold knowing that Wold was intoxicated. The trial court apportioned negligence 30% to defendant, 70% to plaintiff. Thus, plaintiff was denied recovery.

Plaintiff's principal argument on appeal is that, on the facts of this case, the trial court erred in allowing the defense of contributory negligence. We disagree.

Plaintiff contends that the trial court erred (1) in finding that § 12–47–128 does not apply here; and (2) in concluding that defendant's actions were not the cause of plaintiff's poor judgment in deciding to ride with Wold and, therefore, his injuries. We conclude that plaintiff misconstrues the court's ruling.

■ A violation of § 12–47–128 may be used as evidence of negligent conduct. *Crespin v. Largo Corp.*, 698 P.2d 826 (Colo.App.1984) (*cert. granted*, April 15, 1985). However, a violation of this section does not *ipso facto* establish liability for negligence. *See Hull v. Rund*, 150 Colo. 425, 374 P.2d 351 (1962) (construing a predecessor statute, § 75–2–37, C.R.S. 1953); *Crespin v. Largo Corp., supra.*

Here, the trial court stated: "I do not think that the statute ... acts as protection of a patron from his own negligence." Plaintiff contends that this statement denied application of § 12–47–128 to the conduct of defendant. However, this statement occurs in the midst of the court's ruling discussing the availability of the contributory negligence defense. The court correctly recognized that the statute does not, in and of itself, operate to establish civil liability and found that defendant was in violation of § 12–47–128 and was negligent in serving both plaintiff and Wold.

We conclude, therefore, that the trial court properly applied the statute to the conduct of defendant in serving plaintiff.

■ The court also recognized that § 12–47–128 does not act as a bar to the defense of contributory negligence. Plaintiff contends that this was error, citing cases from other jurisdictions and the *Restatement (Second) of Torts* § 483 (1976). This section provides:

"The plaintiff's contributory negligence bars his recovery for the negligence of the defendant consisting of the violation of the statute, *unless the effect of the statute is to place the entire responsibility for such harm as occurred upon the defendant.*" (emphasis supplied)

Section 12–47–128 is not such a statute.

The court found that plaintiff knew that Wold was drinking excessively and that, in choosing to ride with Wold instead of driving his own vehicle, he voluntarily assumed and consciously understood the risk of harm arising from Wold's intoxication. We agree with the trial court's statements that bar patrons drink as a voluntary choice and that they have a duty to protect themselves from the effects of excessive drinking. A bar is not the insurer of its patrons' actions.

■ The record supports the conclusions that the defendant was negligent in serving plaintiff, and that defendant's act and plaintiff's choices were concurrent causes of plaintiff's decision and his injuries. The question of contributory negligence is for the trier of fact, *McQueen v. Robbins*, 28 Colo.App. 436, 476 P.2d 57 (1970), and we may not disturb findings "unless they are so clearly erroneous as not to find support in the record." *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Accordingly, the judgment is affirmed.

SMITH and VAN CISE, JJ., concur.