**Doris LYONS, Plaintiff-Appellant,**

v.

**Donald NASBY, d/b/a Cripple Creek Inn, Defendant-Appellee.**

No. 85CA1356.

Colorado Court of Appeals, Div. I.

Aug. 20, 1987.

Rehearing Denied Sept. 17, 1987.

Certiorari Granted (Lyons) Feb. 1, 1988.

---

Barash and LeHouillier, Robert C. Erler, Steven T. Nolan, Colorado Springs, for plaintiff-appellant.

Zarlengo, Mott, Zarlengo & Winbourn, Michelle Holland, Denver, for defendant-appellee.

KELLY, Judge.

The plaintiff, Doris Lyons, appeals the judgment of dismissal of her wrongful death action against the defendant, Donald Nasby, d/b/a Cripple Creek Inn, for failure to state a claim upon which relief can be granted. She contends that the trial court erred in holding that the defendant owed no duty to her deceased son, Timothy D. Lyons. We affirm.

The plaintiff alleged that in August 1983, the decedent, Timothy Lyons, became visibly intoxicated while consuming alcoholic beverages served to him at two bars, including the defendant's, in Cripple Creek. After leaving the second establishment, Lyons drove his automobile off a curve on a mountain highway, suffering fatal injuries in the crash.

Doris Lyons alleged common law negligence and negligence per se by Nasby. The negligence per se claim is based on Lyons' allegation that the defendant violated the Colorado Liquor Code, § 12–47–128(1)(a), C.R.S. (1985 Repl. Vol. 5), which prohibits serving alcoholic beverages to a person who has become visibly intoxicated. No claim is asserted under the "dram shop" provisions of § 13–21–103, C.R.S.

In granting the defendant's motion to dismiss for failure to state a claim, the trial court ruled that the "dram shop" provisions supplied the only remedy for injuries caused by intoxicated persons. Accordingly, the trial court held that the defendant owed no duty to decedent as a matter of law. This is the sole issue before us.

The plaintiff concedes that neither the General Assembly nor Colorado courts have heretofore recognized a claim for damages in cases in which bar owners or operators have negligently provided alcoholic beverages to visibly intoxicated patrons who then cause injury to themselves. She argues, however, that Colorado should join those jurisdictions which recognize a claim for parties who are or become visibly intoxicated when served and who then suf-

fer injury or damage either on or off the vendor's premises. *See, e.g., Galvin v. Jennings,* 289 F.2d 15 (3d Cir.1961); *Soronen v. Olde Milford Inn,* 84 N.J.Super. 372, 202 A.2d 208 (N.J.Super.Ct.App.Div. 1964); *O'Hanley v. Ninety-Nine, Inc.,* 421 N.E.2d 1217 (Mass.App.Ct.1981). We decline to do so.

A majority of jurisdictions allows no recovery for a party whose injuries are caused by his own voluntary intoxication, even if the alcoholic beverage vendor has been negligent under common law principles or has been negligent per se. *See, e.g., Wright v. Moffitt,* 437 A.2d 554 (Del. 1981); *Miller v. City of Portland,* 288 Or. 271, 604 P.2d 1261 (1979); *Reed v. Black Caesar's Forge Gourmet Restaurant, Inc.,* 165 So.2d 787 (Fla.Dist.Ct.App.), *cert. denied,* 172 So.2d 597 (Fla.1964). The predominant theory of causation recognized in these jurisdictions is that the *"consumption of the alcohol* and *not the sale thereof* is the proximate cause of any resulting injuries [to the drinker]." *Wright v. Moffitt, supra* (emphasis added). This policy was adopted by the General Assembly in § 12–46–112.5 and § 12–47–128.5, C.R.S. (1986 Cum.Supp.), which were enacted after this appeal was filed.

While Colorado appellate courts have not addressed this precise issue, recovery has been denied to parties whose own negligence in becoming intoxicated led to their injuries. *See City of Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981); *Thomas v. Pete's Satire, Inc.,* 717 P.2d 509 (Colo.App. 1985). In the latter case, we stated that "bar patrons drink as a *voluntary* choice and ... *have a duty to protect themselves* from the effects of excessive drinking. A bar is not the insurer of its patrons' actions." *Thomas v. Pete's Satire, Inc., supra* (emphasis added).

These cases are consistent with the view that the owner of a bar has no duty to protect a patron from injury caused by the patron's self-induced inebriation. *Cf. Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo. 1986). We so hold.

It is unnecessary to consider plaintiff's other assertions on appeal.

The judgment is affirmed.

VAN CISE and METZGER, JJ., concur.