Agnes, A.J.
This is a negligence or so-called dram shop action in which the plaintiffs (“the Johnsons”) claim that on November 12, 1999, they suffered bodily injuries in a motor vehicle accident involving their vehicle and one driven by Edwin Delgado (“Delgado”). The Johnsons claim that the accident was caused by the negligence of R.E.N., Inc. d/b/a/ Herbie’s Pub (“Herbie’s”) in serving alcohol to Delagdo while he was visibly intoxicated. The Johnsons also name Ronald Niedbala (“Niedbala”), the manager on duty at Herbie’s the night of the accident, and Waccamaw, Inc. (“Waccamaw”), the lessor of the property leased to Herbie’s Pub, as defendants. This matter is before the court on the three defendants’ motion for summary judgment under Mass.R.Civ.P. 56. For the reasons discussed below, the defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
The essential facts are not in dispute. Herbie’s is a restaurant and bar located in Worcester. Niedbala is employed as a manager of Herbie’s and was working at Herbie’s on December 12, 1999. Waccamaw leases the property to Herbie’s under the terms of a written lease containing a provision that the lessor is not liable except for breach of the lessor’s obligations. On December 12, 1999, Delgado was employed by Wright Line. A group of employees from Wright Line, including Delgado, arrived at Herbie’s in the late afternoon, before 5:00 p.m., on December 12, 1999. The accident between Delgado and the Johnsons occurred at approximately 9:00 p.m.
On the basis of affidavits of Delgado’s co-workers and on Delgado’s deposition statement[1] the Johnsons, who were not at any time present at Herbie’s on December 12, 1999, allege that (1) Delgado was at Herbie’s prior to the accident, (2) Delgado was served alcohol by an employee of Herbie’s, (3) Delgado was at Herbie’s until just prior to the accident, (4) he purchased his first drink, a rum and coke, at approximately 5:05 p.m., and his second rum and coke at approximately 6:35 after finishing the first drink, (5) Delgado remembers nothing that happened between 6:15 p.m. and 8:45 except for getting into his car parked outside at 8:45 p.m., (6) the drinks served to Delgado were “pretty potent,” and (7) Delgado may have consumed more drinks during his memory lapse.
The Johnsons allege that Herbie’s, Niedbala, and Waccamaw negligently served alcohol to a visibly intoxicated Delgado, causing the motor vehicle accident that injured them. All three defendants move for summary judgment on the grounds that the Johnsons have not set forth any evidence to support any of the claims against them. Specifically, Herbie’s moves for summary judgment on the grounds that the Johnsons will be unable to show that Herbie’s knew or should have known that Delgado was intoxicated when they served him alcohol; Niedbala moves for summary judgment on the grounds that the Johnsons are unable to show that Niedbala served alcohol to Delgado; Waccamaw moves for summary judgment on the grounds that the Johnsons are unable to show that Waccamaw had a contractual obligation under the lease or a common-law duty to oversee activities occurring at Herbie’s.
DISCUSSION
1. Standard for Summary Judgment
“Summary Judgment is a ‘device to make possible the prompt disposition of controversies on their merits without a trial, if, in essence, there is no real dispute as to the salient facts or if only a question of law is involved.” Cassesso v. Commissioner of Corection, 390 Mass. 419, 422 (1983) (citations omitted). There are settled guidelines a trial judge must observe in passing on a motion for summary judgment.
Rule 56(c) of the Massachusetts Rules of Civil Procedure provides that a judge
shall grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” In considering a motion for summary judgment, the court does not “pass upon the credibility of witnesses or *315 the weight of the evidence (or) make (its) own decision of facts.” A court should not grant a party’s motion for summary judgment “merely because the facts he offers appear more plausible than those tendered in the opposition, or because it appears that the adversary is unlikely to prevail at trial.” Instead, the court should only “determine whether a genuine issue of material fact exist(s).” When the court considers the materials accompanying a motion for summary judgment, “the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion.” “Also, all doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment.”
Attorney General v. Bailey, 386 Mass. 367, 370-71 (1982) (citations omitted).
The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). See also Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 232 (1997)
2. The Claim Against Herbie’s
A dram shop case is governed by the common law of negligence. Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 358 (1990). In order to sustain a claim of negligence against a restaurant or tavern, the plaintiff must produce evidence that is sufficient to permit the fact finder at trial to conclude that it is more likely than not that the tavern keeper served alcohol to a patron, whom he knew or should have known, was intoxicated. Cimino v. The Milford Keg, Inc., 385 Mass. 323, 327 (1982). The plaintiff must establish that the patron “appeared intoxicated ” at the time he was served by the tavern keeper. Douillard v. LMR, Inc., 433 Mass. 162, 164 (2001). “The negligence lies in serving alcohol to a person who already is showing discernable signs of intoxication.” Vickowski v. Polish American Citizens Club, 422 Mass. 606, 610 (1996). The fact finder is permitted to make this determination on the basis of “common sense and experience.” id.[2] A tavern owner has no duty to an intoxicated patron who was not served alcohol in his or her establishment. O’Gorman v. Antonio Rubinaccio & Sons, Inc., 408 Mass. 758, 761 (1990). The question in this case, therefore, is whether, based on Delgado’s behavior or the number of drinks he had consumed on December 12, 1999, a Herbie’s employee knew or should have known, that he was intoxicated when they last served him alcohol.
The Johnsons contend that a combination of direct and circumstantial evidence, gleaned from Delgado’s deposition, the affidavits of his coworkers, observations made by the paramedic and nurse at the accident scene, and evidence of his blood alcohol content after the accident are sufficient to defeat the summary judgment motion. Specifically, for direct evidence of Delgado’s allegedly apparent intoxication at the time he was last served at Herbie’s, the Johnsons rely on Delgado’s deposition statements that (1) he sipped the drinks he consumed because they were “pretty potent,” (2) his memory loss between 6:15 p.m. and 8:45 p.m. that night makes it possible that co-workers bought drinks for him and he consumed drinks in addition to the two he remembers purchasing and consuming, and (3) when he walked to the bar to order his second drink, he was feeling relaxed and walking slowly.
For circumstantial evidence of Delgado’s apparent intoxication, the Johnsons rely on (1) Delgado’s deposition statements that he saw another patron at the bar who was obviously very drunk and not being assisted by any staff member of Herbie’s, (2) statements made by the paramedic and nurse at the scene of the accident that Delgado smelled of alcohol, and (3) the report of Delgado’s serum blood alcohol level, when linked to other evidence through expert witness testimony would allow a jury to infer that Delgado must have appeared intoxicated at the time he was served his last drink.
The plaintiffs did not submit a Superior Court Rule 9A(b)(5) statement. Accordingly, on procedural grounds alone, Herbie’s assertions of fact are taken as admitted. However, even on the merits of the summary judgment record, the Johnsons have offered no evidence that Herbie’s knew or should have known that Delgado was intoxicated at the time he was last served.
“(O)n a claim for negligent service of alcohol to an intoxicated patron, a plaintiff must come forward with some evidence that the patron’s intoxication was apparent at the time he was served by the defendant.” Douillard v. LMR, Inc., 433 Mass. 162, 164 (2001). Delgado’s statement that the two drinks he remembers drinking were “pretty potent” (Delgado Dep. at 29) does not show that he was visibly intoxicated when he was served. Because he can only remember consuming two drinks (Delgado Dep at pp. 29, 30, 36, 37), no inference of obvious intoxication at the time he was last served may be drawn. Vickowski, 422 Mass, at 611. In any case, the relevant standard is not whether he was in fact intoxicated; it is whether the bartender knew or, in the exercise of reasonable care, should have known he was intoxicated. Douillard, 433 Mass at 164; Vickowski, 422 Mass, at 610; Cimino, 385 Mass, at 327. See Kirby v. Le Disco, Inc., 34 *316 Mass.App.Ct. 630, 632 (1993) (patron’s acknowledgment that he was “ ‘probably legally’ drunk,’’ without evidence of condition at tavern, not enough to defeat summary judgment). Also, the Johnsons may not rely on Delgado’s statement of memoiy loss (Delgado Dep. at pp. 46, 49) either for the proposition that he might have consumed more drinks during that period or for the proposition that it is evidence of his obvious intoxication. Statements made by Delgado pertaining to what could have happened during his memory lapse constitute mere speculation and are, therefore, not based on personal knowledge and do not constitute specific facts as required by Mass.R.Civ.P. 56(e). A reasonable inference “must be based on probabilities rather than possibilities and must not be the result of mere speculation and conjecture.” Burroughs v. Commonwealth, 423 Mass. 874, 876 (1996) (quotation omitted). Further, whether a person’s intoxication is obvious or discemable is measured by what is or should be obvious or discemable to the one serving the alcohol, not by the subjective assessment of the one consuming it. Finally, Delgado’s statement that he felt relaxed and walked slowly to the bar to order his second drink (Delgado Dep. at p. 31) falls far short of the kind of behavior that accompanies a finding of apparent intoxication. Cimino, 385 Mass at 327 (where loud and vulgar behavior constituted apparent intoxication).[3]
With regard to the Johnsons’ proffered circumstantial evidence, it is irrelevant that Delgado saw a very drunk patron at the bar (Delgado Dep. at pp. 41-43); not only is there no allegation that the other patron had been served at Herbie’s, it has no bearing on whether Delgado had been served while visibly intoxicated. Also, the observations of the paramedic and nurse (Plaintiffs’ Opp’n Mem., Ex. 10) are insufficient to establish Delgado’s alleged apparent intoxication at the time he was last served. Douittard v. LMR, Inc., 433 Mass. 162, 165 (2001) (“From the mere fact of intoxication observed at some later time (e.g., at the accident scene), one could not tell what contribution the patron’s final drink had made toward that state of intoxication”). Finally, because there is no evidence of when Delgado consumed his last drink, the toxicology report (Plaintiffs’ Opp’n Mem., Ex. 11) cannot be used to demonstrate obvious intoxication at the time of last service.[4] In order for an expert to properly conduct a retrograde analysis to demonstrate whether Delgado appeared intoxicated at the time of last service, he or she must have sufficient information including the time the last drink was consumed; without such information, retrograde analysis is not possible. Commonwealth v. Senior, 433 Mass. 453, 460 (2001).[5] Accordingly, Herbie’s is entitled to summary judgment.
3. The Claims Against Niedbala and Waccamaw
Although the Johnsons name Niedbala and Waccamaw in the lawsuit, the pleadings offer neither any explicit allegations against either defendant, nor any arguments or facts to support a claim against either defendant.[6] Furthermore, the Johnsons did not submit a 9(A) (b)(5) statement of facts or statement of legal elements. Accordingly, on procedural grounds, this court takes as admitted those facts asserted by the defendants.
Niedbala may not be held vicariously liable simply because he is a manager. O’Gorman v. Antonio Rubinaccio & Sons, Inc., 408 Mass. 758 (1993). And, as no evidence has been presented that Niedbala personally served Delgado alcohol on December 12, 1999, the claim of negligence against him must fail. Accordingly, Niedbala is entitled to summary judgment.
Waccamaw cannot be held liable for breach of any contractual obligation to Herbie’s since the lease agreement between them contains an express provision that Waccamaw is not liable except for its own obligations under the lease. Furthermore, as there is no common-law duty of care owed by Waccamaw to the Johnsons, the claim of negligence against Waccamaw must fail. Dhimos v. Cormier, 400 Mass. 504, 505 (1987). Accordingly, Waccamaw is entitled to summary judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants R.E.N., Inc. d/b/a/ Herbie’s Pub’s, Ronald Niedbala’s, and Waccamaw, Inc.’s motion for summary judgment is ALLOWED.

Delgado’s deposition was taken for purposes of an earlier suit brought by the Johnsons against Delgado, not for purposes of this litigation.

For example, in Cimino, 385 Mass, at 828, the court found sufficient direct evidence of obvious intoxication in the patron’s “loud and vulgar” behavior and permitted a bolstering inference of obvious intoxication based on the quantify of drinks (six white russians) consumed. In O’Hanley v. Ninety-Nine Inc., 12 Mass.App.Ct. 64, 65 (1981), consumption of fifteen beers and six martinis permitted an inference of obvious intoxication, while in Kirby v. LeDisco, 34 Mass.App.Ct., 630, 632 (1993), consumption of eight beers was held to be insufficient to create an inference of obvious intoxication.

The plaintiff relies on Hopping v. Whirlaway, Inc., 37 Mass.App.Ct. 121 (1994). In that case, the Appeals Court held that evidence that a patron who was served at least three and possibly four alcoholic drinks at a bar, who described himself as feeling “pretty good,” and who friends said looked “like he had a few,” was sufficient to overcome a motion for a directed verdict. The evidence of objective signs of intoxication in the present case is far short of that which was before the court in Hopping.

This is particularly significant here in view of the evidence that a beer can was found in Delgado’s vehicle following the collision.

The distinction between whether a person appeared to be intoxicated and whether a person was intoxicated is crucial. In Douillard v. LMR, Inc., 433 Mass. 162 (2001), a majority of the Supreme Judicial Court found it unnecessary to decide, in a case in which there was evidence of the number of drinks consumed by the patron, either due to direct evidence or retrograde extrapolation analysis, whether expert testimony *317 about the average drinker’s response to alcohol would be sufficient to meet a plaintiffs burden of proof in a dram shop case. In Douillard, supra, the court was satisfied that the plaintiff had offered sufficient evidence to overcome a motion for summary judgment because there was specific evidence in the record about how the patron usually reacted when he had a certain number of drinks. Id. at 167. Without evidence of how a person commonly reacts when he or she consumes a specific number of drinks, retrograde extrapolation evidence establishing the blood alcohol level of the patron at the time he or she was served alcohol will almost always be insufficient proof of negligence. See E.F. Fitzgerald, Intoxication Test Evidence §22:4, at 22-10 n.2 (2d ed. 2000) (“Opining after the fact that obvious symptoms of intoxication ‘would’ have been present in a given individual, to a reasonable scientific certainly, is indeed a perilous course given the variety of observable symptoms whenever large groups of people are studied”), quoted in Douillard v. LMR, Inc., 433 Mass. 162, 169-70(2001) (Ireland, J., dissenting).

Mass.R.Civ.P. 11(a) requires that the “signature of an attorney to a pleading constitutes a certificate by him that... there is good ground to support it.” Although the Massachusetts rule embodies a subjective standard unlike the corresponding federal rule, “our rule does not excuse an attorney’s ‘wilful ignorance’ of facts and law which would have been known had the attorney simply not consciously disregarded them.” Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 417 (1998) (“The principles enunciated above lead us to conclude that our rule 11(a) authorizes a judge to impose attorneys fees and costs where an attorney has failed to show a subjective good faith belief that the pleading was supported in both fact and law”).