ERNEST CAREY *vs.* NEW YORKER OF WORCESTER, INC.

Worcester. February 7, 1969. — March 7, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Negligence,* Intoxicated person, Obnoxious person, Tavern, Violation of law, Sale of liquor. *Proximate Cause. Alcoholic Liquors,* Sale to intoxicated person, Sale to minor. *Evidence,* Police report, Birth certificate.

In an action against the operator of a bar and restaurant by a patron shot without warning by another patron as the plaintiff was passing his assailant's booth, a finding of negligence on the part of the defendant toward the plaintiff contributing to the plaintiff's injury was warranted by evidence that the group whom the assailant accompanied was "making a lot of noise . . . talking loud . . . getting up and jumping around," that the assailant was "absolutely drunk" and had staggered up and down the aisle and was very noisy, that he drank whiskey served by the defendant and had been drinking before arriving at its premises, that he looked young and was a minor, that on previous occasions he had been made to leave the defendant's premises by the police or had been refused service, and that he was known to be a troublemaker by the defendant's employees. [452–453]

At the trial of an action for negligence against the operator of a bar and restaurant by a patron shot without warning by another patron to whom the defendant had served hard liquor, a police report of the incident and the birth certificate of the assailant, both showing him to have been a minor, were properly admitted in evidence for the sole purpose of showing his age. [453]

At the trial of an action for negligence against the operator of a bar and restaurant by a patron shot without warning by another patron who was an intoxicated minor to whom the defendant had served hard liquor, there was no error in instructions by the judge to the jury as to the purposes of G. L. c. 138, §§ 34 and 69, or in his refusal to instruct them not to consider § 34 unless they found that the fact the assailant was under twenty-one years of age was a producing cause of the plaintiff's injuries. [453–454]

TORT. Writ in the Superior Court dated December 9, 1965.

The action was tried before *Collins, J.*

*Stanley B. Milton* for the defendant.

*Terence F. Riley* for the plaintiff.

WILKINS, C.J.  The plaintiff, a patron in the defendant's bar and restaurant, was shot by another patron on December 20, 1964.  In this action of tort, of which only count 1 for negligence remains, there was a verdict for the plaintiff. The defendant argues exceptions to the denial of its motion for a directed verdict, to the admission of evidence, and to the charge.

1. The testimony warranted the jury's verdict.  The premises were divided by a partition running their length. The dining room was about twenty-five to thirty feet wide and about thirty-five to forty feet long.  There were booths on both sides with "just an aisle to walk in" between.

It was about 11:30 P.M. when the plaintiff entered with a party of three or four and sat at a booth on the left.  At that time the assailant, one Martel, was seated in a group of four at another booth across the aisle twelve to fifteen feet distant.  "[T]here were quite a few people there; awfully noisy."  The Martel group was "making a lot of noise . . .; they were kind of talking loud and getting up and jumping around."  They could be heard from the bar. After ten or fifteen minutes the plaintiff arose and went toward the men's room in the rear of the premises.  When he reached a point about two feet from Martel, the latter stood up, pulled a gun, and without warning shot the plaintiff in the side.

Martel was "[a]bsolutely drunk," and for some time had been staggering up and down the aisle going back and forth to the entrance to the bar, and yelling toward someone at the bar or for the waitress.  He was loud and very noisy, "just a fresh kid."  On two previous occasions he had been made to leave the premises by the police, and had twice been refused service.  He was known to be a troublemaker by the defendant's employees.  He looked young and was under age.  On this occasion his group of four was served two rounds of whiskey and beer by the waitress. Of this he drank whiskey.  He had been drinking elsewhere before he arrived at the defendant's premises.  The two

employees present, a man in the bar and the waitress, were too busy to observe all that occurred. This was Sunday night, and police protection was hired only on Friday and Saturday nights.

The defendant, as the operator of a restaurant and bar, was in possession of real estate open to the public for business purposes. It owed a duty to a paying patron to use reasonable care to prevent injury to him by third persons whether their acts were accidental, negligent, or intentional. Restatement 2d: Torts, § 344. *Rawson* v. *Massachusetts Operating Co. Inc.* 328 Mass. 558. *Greco* v. *Sumner Tavern, Inc.* 333 Mass. 144. It was open to the jury to find that the defendant's employees had general knowledge of Martel's previous experience as a patron and should have realized on the occasion here considered the need for repressing him. The jury could have found that the defendant's agents should have tried to stop his drunken staggerings the length of the aisle, and if they did not attempt completely to remove him from the scene, at least should have provided some safeguard for the defendant's patrons. The defendant is in error in claiming that there were no warnings of trouble. There had been commotion and boisterous behavior and continued drinking. That there had been no express threat to any patron is not conclusive. The jury in their judgment could find that the defendant's agents should have realized that there was real danger to others. Nor was it fatal to the plaintiff's case that the method of assault was not precisely foreseeable. *Ryder* v. *Robinson*, 329 Mass. 285, 287. Shooting, the defendant contends, was beyond the realm of reasonable expectation, and cites *Addison* v. *Green Cafe, Inc.* 323 Mass. 620, 622–623. In that case, which is distinguishable, there was a shooting in a room full of people by one who was not a party to a harmless scuffle. This was held to be a superseding cause. See Restatement 2d: Torts, § 447, comment g. In the case at bar Martel was an active participant in a steady disorder.

This case falls within the authority of *McFadden* v. *Bancroft Hotel Corp.* 313 Mass. 56, *Quigley* v. *Wilson Line*

*of Mass. Inc.* 338 Mass. 125, and *Kane* v. *Fields Corner Grille, Inc.* 341 Mass. 640.

Serving hard liquor, particularly to one already drunk, has a consequence which is not open to successful dispute. Such action may well make the individual unreasonably aggressive, and enhance a condition in which it is foreseeable that almost any irrational act is foreseeable.

That the defendant may also have been violating a statute in serving the assailant is additional evidence which the jury could consider. *Wood* v. *Ray-Al Cafe, Inc.* 349 Mass. 766.

2. For the sole purpose of showing age, the judge admitted a record of the police department of Worcester as a result of its investigation "relative to the shooting incident by David Martel against Ernest Carey." The record was made on December 21, 1964, at 4 A.M. The name and date of birth "of the person that did the shooting" appeared as "David Martel, date of birth 11/17/45." The judge then admitted a certificate of birth of Martel from the city clerk's department of Worcester. This showed the date of birth as "November 17, 1945." The exception to the admission of this evidence must be overruled. The police report was admissible. *Commonwealth* v. *Slavski,* 245 Mass. 405, 417. G. L. c. 233, § 78. So was the birth certificate, which was required to be kept by the city clerk. G. L. c. 46, § 1.

The phraseology of the language admitting the records eliminates the preliminary issue of identity sought to be raised by the defendant.

3. The judge instructed the jury with reference to G. L. c. 138, § 34, prohibiting the sale of liquor to one under twenty-one years of age; and G. L. c. 138, § 69, prohibiting the sale of intoxicating liquor to one already intoxicated. We summarize this part of the charge. Such prohibitions have a two-fold purpose, the protection of the individual, the minor or the intoxicated person, and the protection of the public, including that portion of the public who are customers in the place of sale. Violation of either section

could be found to be evidence of negligence. The defendant could not be held liable unless the injury was a foreseeable consequence of the act or failure to act, if there was such failure or such negligent act. There must be a proximate causal relationship to hold the defendant responsible. The specific kind of harm need not be foreseeable as long as it was foreseeable that there would be harm from the act which constituted the negligence, provided it was foreseeable that there would be violence toward others. If the jury concluded that the shooting was such a remote possibility that it constituted an intervening cause of harm, their verdict should be for the defendant.

The defendant excepted on the ground that the judge should not have made any statement as to the purposes of c. 138, and requested that he instruct the jury that they should not consider § 34, unless they found that the fact the assailant was under, rather than over, twenty-one years of age was a producing cause of the plaintiff's injuries. The judge denied this request. There was no error. See *Dimond* v. *Sacilotto*, 353 Mass. 501, 502–503.

*Exceptions overruled.*