Giles, J.
This is a tort action alleging that the plaintiff, Vincent LaRosa, was assaulted and beaten by one or more patrons at the defendant Marriott Corporation’s lounge on November 23,1989. The plaintiffs complaint charges the defendant with negligence in its failure to provide adequate security and/or otherwise to supervise properly its patrons. From the trial court’s allowance of the defendant's motion for summary judgment, the plaintiff appeals.
The following facts can be adduced from the record developed as of the time of the motion:
On November23,1989, the plaintiff and three companions arrived at Sable’s Lounge at the Peabody Marriott Hotel at approximately 9:30 p.m. The plaintiff and one of his three friends remained at the lounge for about three hours and consumed two beers each. Soon after their arrival, the plaintiff and his companions had noticed aloud group of male customers engaging in a bit of roughhousing in the bar. (No other group was behaving in such a raucous manner that evening.) By the time of the incident in question, the lounge had become very crowded; two security guards were posted at the door for the purpose of checking patrons’ identifications. Immediately prior to the incident, the plaintiff and his friend were standing a few feet away from the said boisterous group with their backs turned toward them. Suddenly and withoutwaming, the plaintiff was grabbed from behind and thrown violently to the floor. He was hit in the face with a bottle, beaten, and injured by at least two men; and his companion was attacked by three or four men. A “bounced’ arrived after a minute and a half to quell the fracas. To date, none of the assailants has been identified either by name or as a member of the aforementioned group.
The defendant Marriott Corporation argues on appeal that summary judgment was properly granted because the plaintiff had no reasonable expectation of proving two essential elements of its case: breach of duty and causation. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The defendant concedes that it owed the plaintiff a duty to exercise “reasonable care to prevent injury to him by third persons whether their acts were accidental, negligent, or intentional,” Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 452 (1969); RESTATEMENT 2D: TORTS., §344, and that such care “varies with the circumstances of the given case,” McFadden v. Bancroft Hotel Corp., 313 Mass. 56, 60 (1943); but the defendant argues that the attack was so unforeseeable and superseding that the defendant had no duty to guard against it and no part in causing the plaintiff’s injuries, see Addison v. Green Cafe, Inc., 323 Mass. 620 (1949). If the assailant’s identity was unknown, so the defendant's argument goes, then the defendants duty to predict and prevent (or at least mitigate) the attacker’s behavior was purely speculative, thus rendering the plaintiff’s proof *221 legally insufficient. See Alholm v. Wareham, 371 Mass. 621, 627 (1976).
While the plaintiff may lack direct evidence of his assailant’s identity, however, he has proffered at least a modicum of circumstantial evidence that the attacker belonged to the hereinbefore described boisterous, roughhousing group of males because of the said group’s composition, behavior, proximity, and location; and the risks inherent in such a group within a crowded bar would have been reasonably foreseeable to the defendant, see Sweenor v. 162 State Street, Inc., 361 Mass. 524 (1972); McFadden v. Bancroft Hotel Corp., supra. Circumstantial evidence has no less probative value than direct evidence. Abraham v. Woburn, 383 Mass. 724, 729 (1981). In determining the appropriateness of summary judgment, the court must view all such inferences in the light most favorable to the plaintiff, Coveney v. President and Trustees of College of Holy Cross, 388 Mass. 16, 17 (1983), bearing in mind that “a toehold is enough to survive a motion for summary judgment” (on the issue of causation), Marr Equipment Corp. v. I.T.O. Corp. of New England, 14 Mass. App. Ct., 231, 235 (1982). Because the assessment of the probative value of a case’s circumstantial evidence is so uniquely within the province of the factfinder, summary judgment is rarely appropriate in a negligence action such as this. Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005 (1984). See Mullins v. Pine Manor College, 389 Mass. 47, 56, 58 (1983).
Finding that there exists a genuine issue of material fact relative to the instant defendant’s liability, the plaintiff’s report is hereby allowed, the allowance of the motion for summary judgment is reversed, and the action is remanded for trial.