GARDNER O'FLYNN *vs.* JEAN POWERS & another.[1] No. 94-P-35. March 16, 1995. *Negligence*, Consumption of alcoholic liquors by minor guest, Serving alcoholic liquors to guest. *Alcoholic Liquors*, Liability of host. *Practice, Civil*, Appeal, Frivolous action.

While drunk, Tate Isenstadt struck the plaintiff O'Flynn in the face with a beer bottle, inflicting a wound that required forty-six stitches to close. O'Flynn brought an action on a theory of social host liability against the owner, Jean Powers (Jean), of the house in which the attack took place, and against Jean's teen-age daughter, Kelly Powers (Kelly). A judge of the Superior Court, acting on a motion by Jean and Kelly for summary judgment, granted summary judgment, prompting this appeal by O'Flynn.[2] We affirm.

From depositions and answers to interrogatories, the judge was able to piece together the undisputed facts bearing on the motion. See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553 (1976); *Coveney* v. *President & Trustees of the College of the Holy Cross*, 388 Mass. 16, 17 (1983). Jean left her home at about 7:30 P.M. on March 23, 1991, to have dinner with a friend. Her teen-age children, Kelly, seventeen at the time, and Brian, fifteen at the time, were at home. Jean delivered herself of a standard sermon that there was to be no drinking and that Kelly and Brian were not to have anybody over while she was out.[3] Kelly had, however, invited "a few" friends of hers and of Brian's, to come over. Those friends arrived with their friends and at least three cases of beer. In due course, more uninvited guests and a keg of beer materialized.[4] The crowd grew to about fifty

---

[1] Kelly Powers

[2] The complaint also contained a count of assault and battery and negligence directed against Isenstadt. Those claims remain open. A second Superior Court judge determined, conformably with Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), that there was no just reason for delay and ordered the entry of a final judgment as to Jean and Kelly Powers.

[3] There was a third child at home, another son. He, apparently, is younger and does not figure in the case.

[4] Most of the deponents do not remember a keg of beer. For purposes of considering the case on summary judgment, we assume the presence of the keg of beer as a fact.

guests. Tate Isenstadt, a sometime boy friend of Kelly's, arrived smelling "like alcohol . . . loud and obnoxious." At about 11:45 P.M., he picked a fight with O'Flynn and broke a beer bottle across the right side of his face. There was no evidence that Jean or Kelly provided or served drink to Isenstadt.

1. *The claim against Jean.* As to Jean, the case is controlled by *Wallace* v. *Wilson*, 411 Mass. 8, 11-12 (1991), which held that a parent who neither supplies alcoholic beverages nor serves them to the guests of her children is not liable as a social host to someone injured by an inebriated guest. Compare *McGuiggan* v. *New England Tel. & Tel. Co.*, 398 Mass. 152, 162 (1986), recognizing liability when the social host makes available and serves alcoholic drink to an intoxicated guest. In *Wallace* v. *Wilson*, *supra*, the defendant, mother of the seventeen year old host, knew her daughter was having a party and stayed in the house to be sure things did not get out of control. They did, but that did not make her legally responsible to the injured party. The facts here are more favorable to the defendant. Jean did not know there was to be a party, did not provide the intoxicating drink, did not serve it, and had taken some steps to forestall drinking and partying by her children in her house.

2. *The claim against Kelly.* Here again, there is a controlling case: *Ulwick* v. *DeChristopher*, 411 Mass. 401, 406-407 (1991). In that case the court declined to impose supervisory responsibility on the host of a party where guests, as here, have provided their own drink. *Cremins* v. *Clancy*, 415 Mass. 289, 294 (1993), expressly rejected the plaintiffs' argument that a host at a bring-your-own party has a duty to control the consumption by guests of beverages they have brought to the party.

3. *Special relationship theory.* With a reference to *Husband* v. *Dubose*, 26 Mass. App. Ct. 667 (1988), as authority, the plaintiff suggests a duty of care can be established based on a special relationship of the social host to the guest. For a case in which a special relationship imposed a duty of care to avoid harm by a third person, see *Mullins* v. *Pine Manor College*, 389 Mass. 47, 56 (1983). The *Husband* v. *Dubose* opinion, in fact, concluded that a social host had no duty to anticipate a sudden and violent attack by one guest against another. Moreover, whatever door *Husband* v. *Dubose* may have left open for imposition of a duty on a private host based on the special relationship idea was decisively closed, so far as the fact pattern in this case is concerned, by *Wallace* v. *Wilson, supra, Ulwick* v. *Christopher, supra*, and *Cremins* v. *Clancy, supra*.

In light of the last three cases cited in the preceding paragraph, this appeal had no merit and the appellant ought to have known it. The appeal was frivolous. See *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 458 (1984). The judgment is affirmed. The defendants are to have double costs of appeal. Mass.R.A.P. 25, 376 Mass. 949 (1979).

*So ordered.*

*Paul J. Gillespie* for the plaintiff.

*Francis X. Kiley* for the defendants.