## JOHN POLLARD *vs.* LAURA POWERS.

No. 98-P-1653.

Bristol. September 13, 2000. - November 22, 2000.

Present: BROWN, PORADA, & LAURENCE, JJ.

*Alcoholic Liquors,* Liability of host. *Negligence,* Social host, Serving alcoholic liquors to guest, Foreseeability of harm.

In an action brought by a guest against a social host for injuries suffered at the hands of another intoxicated guest, sufficient evidence was presented on motions for summary judgment to establish that the host had a duty of reasonable care to the plaintiff, so as to warrant submission of the matter to a finder of fact for determination whether the duty was violated and if the violation caused the plaintiff's injury [517-518], and it was a matter for a fact finder whether the assault on the guest was a reasonably foreseeable consequence of the host's negligence [518-520].

CIVIL ACTION commenced in the Superior Court Department on December 19, 1994.

The case was heard by *Richard J. Chin,* J., on a motion for summary judgment.

*Michael Franco* for the plaintiff.

*Kimberly H. Kelley* for the defendant.

BROWN, J. This is an appeal by the plaintiff from summary judgment granted in favor of the defendant. The plaintiff seeks damages for his injuries arising out of an assault at a party for which the defendant, Laura Powers, was the host. The plaintiff asserts that the defendant's liability should be determined by a jury. We agree.

On March 20, 1992, the defendant gave a birthday party for a friend at the house where she and her mother resided. At the time, the defendant was eighteen years of age. On the evening of the party, the defendant's mother was out of town, visiting relatives in Maine. Prior to her mother's departure, the defendant asked her for permission to invite "a few" guests over for the

celebration. The defendant admitted that she intended that her mother assume the number to be four or five, and her mother did so assume.

The defendant in fact invited fifteen people. By word of mouth, the party grew to somewhere between twenty to fifty persons. Most of the attendees were the defendant's friends and acquaintances from high school, who were eighteen or nineteen years of age. The twenty-six year old plaintiff, John Pollard, was invited by Amy, the defendant's twenty-one year old sister.

There were two kegs of beer outside on the patio in back of the house, available to all of the guests; the beer was consumed by many of them, even though most were underage. The kegs had been purchased at the defendant's request. Her deposition indicates that she paid for them and was reimbursed by some of the guests.

During the evening, four uninvited men walked into the house. The defendant did not know three of the men; she recognized the fourth, William Pires, from high school. She did not know Pires personally, but knew him to have a poor reputation in school, notably for being a class clown. When the four arrived they were visibly very intoxicated and appeared to be "high" on drugs. They had "glassy" eyes, deficient motor skills, and were generally loud and obnoxious. In her deposition the defendant stated that she asked the honoree, "Who are these people?" He replied, "They're guys from Fall River. Don't worry about it."

At some point, the plaintiff and another of the defendant's older friends, a former boyfriend, were about to leave the party when the defendant requested that they stay because she was apprehensive about the four intoxicated men being in her house.[1] Both men did stay.

Sometime later, Amy asked Pires to keep the rear door closed, to which he responded by calling her a "fucking c——." Neither the defendant nor the plaintiff was present at the time. Amy then went upstairs and told the plaintiff what had transpired, at which time he went downstairs to speak to Pires. The plaintiff told Pires that "this is her house[;] you're the guest," and that he should either respect Amy or leave the premises. He also insisted on an apology. At that time, Pires's three companions

---

[1] It is unclear from either party's deposition whether it was the defendant or the defendant's sister Amy who asked the plaintiff to stay.

surrounded the plaintiff and told him not to get "in [Pires's] face." Because of the physical presence of the four men, the plaintiff backed off and returned upstairs.

The defendant learned of the incident between Amy and Pires, but she declined to call the police at that time because she knew that the party was illegal. She was not told of the verbal exchange between the plaintiff and Pires's companions.

About twenty minutes later, as the plaintiff was speaking with another guest downstairs, one of the four men approached him from behind and "sucker-punched" him in the face. The plaintiff stated that there had been "no comments prior to me being spun around and hit." After he got up off the floor, he ran upstairs to tend to his injuries. When the defendant learned that the plaintiff was hurt, she ran downstairs and screamed, "Everybody out!," and most people left. The police were not called. Shortly thereafter the four men returned to the house, broke in through two different entrances, and attacked the defendant, punching her repeatedly.

The plaintiff brought suit against the defendant and both of her parents for the injuries he sustained.[2] A motion for summary judgment was allowed as to all defendants.[3] The judge, relying on *Husband* v. *Dubose*, 26 Mass. App. Ct. 667 (1988), granted judgment for the defendant against the plaintiff on the basis that as a social host she had no duty to anticipate the sudden "sucker-punch" attack on the plaintiff.

The plaintiff asserts two grounds why summary judgment should not have been granted. The plaintiff first argues that a jury could find the defendant liable because, as a social host, she furnished alcohol to an already intoxicated guest who attacked the plaintiff. The plaintiff further argues that the particular harm that occurred, the "sucker punch," did not negate liability on the basis of unforeseeability. We address each argument in turn.

1. *Duty of social host.* The question presented is whether a social host's duty runs to an invitee who is assaulted at the host's party. It is in the furnishing of alcohol to a guest that a host knew or should have known was already intoxicated that

---

[2]Both of Laura Powers's parents, as joint owners of the property, were initially included as defendants in the suit.

[3]The parents were divorced and living separately at the time. Mr. Powers's only connection was that he had joint ownership of the house. No appeal has been taken from the judgment entered for the parents.

liability may attach. *McGuiggan* v. *New England Tel. & Tel. Co.*, 398 Mass. 152, 162 (1986). In determining the liability for a social host, "[t]he crucial consideration has been the condition of the guest . . . at the time the social host . . . served him or her an alcoholic drink." *Id.* at 161. See *Cremins* v. *Clancy*, 415 Mass. 289, 293-294 (1993), and cases cited therein. Here, the defendant requested the two beer kegs and paid for them. The kegs were intended for the attendees of the party and made available in such a way that they could all serve themselves. Compare *Wallace* v. *Wilson*, 411 Mass. 8, 10 (1991). It is also undisputed that, when the four bad actors arrived, they were visibly very drunk, and the defendant was aware of their condition from the moment they walked in the door. Unlike in *Husband* v. *Dubose, supra* at 667-668, the defendant "furnished" the alcohol.[4] See *Ulwick* v. *DeChristopher*, 411 Mass. 401, 405 (1991); *Makynen* v. *Mustakangas*, 39 Mass. App. Ct. 309, 311 (1995).

Many social host liability cases have involved criminal acts, whether it be unlawfully driving while intoxicated, or criminally assaulting another. "It should make no difference that the plaintiffs, instead of being automobile accident victims, are victims of assault and battery . . . ." *Wallace* v. *Wilson*, 411 Mass. at 12. See *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. 450 (1969) (plaintiff shot by drunk patron of defendant). There was a sufficient showing that the defendant did have a duty of reasonable care to the plaintiff and, if the evidence at the trial is to the same effect, it is for the fact finder to determine whether that duty was violated and if the violation of the duty caused the plaintiff's injury.

2. *Foreseeability of harm.* The motion judge in this case correctly articulated the duty owed by a social host to an invitee in circumstances such as those presented here. The judge erred, however, in concluding that "[a] social host has no duty to anticipate a sudden and violent attack by one guest upon another." Here, there is evidence that could have caused a reasonable host to anticipate danger. "It is in this context that the sufficiency of the plaintiff's evidence must be assessed." *Husband* v. *Dubose*, 26 Mass. App. Ct. at 670.

---

[4]There was ample basis in the summary judgment materials from which it could reasonably be inferred that the four bad actors did consume alcohol furnished by the defendant. For example, the plaintiff in his deposition stated that he saw his assailant (one of the four) drinking out of "a red plastic cup which was used for drinking the beer out of the keg."

The trial judge relied on *Husband* v. *Dubose, supra,* in holding, as matter of law, that the defendant owed no duty to the plaintiff because he was "sucker-punched." In essence, the motion judge concluded that, as matter of law, the harm was not foreseeable. The fact that the assault here was a "sucker-punch" rather than a different type of assault is not dispositive. "The specific kind of harm need not be foreseeable as long as it was foreseeable that there would be harm from the act which constituted the negligence, provided it was foreseeable that there would be violence toward others." *Carey* v. *New Yorker of Worcester, Inc.,* 355 Mass. at 454. As in *Carey,* it is for a jury to determine whether the assault was such a remote possibility that it was an intervening cause of harm. See *ibid.* Contrast *Poskus* v. *Lombardo's of Randolph, Inc.,* 423 Mass. 637, 640 (1996) (specific harm that occurred to third party not a reasonably foreseeable consequence of defendant's negligence as matter of law).

In reviewing the summary judgment materials in a light most favorable to the nonmoving party, there was a sufficient showing from which a jury could find that a reasonable host should have foreseen danger. The uninvited assailants were very drunk, and "loud and obnoxious" when they arrived at the party. The assailants drank from the kegs made readily available by the defendant.[5] The defendant knew that, except for these four men, everyone at the party was a friend or an acquaintance. The presence of the four made her uneasy, yet they were not asked to leave and were allowed to remain at the party. As evidence of her concern about these four men, she requested that the plaintiff remain at the party. Even though she was apprehensive, the defendant did not monitor these men, nor did she ever speak with them. She spent a good portion of time talking to her ex-boyfriend in another part of the house. One member of the group verbally assaulted the defendant's sister and, even when told of this, the defendant took no action. Her admitted reason for not calling the police was that she was engaged in illegal behavior, i.e., giving an illegal, underage drinking party.

Based on the circumstances presented here, it is appropriate

---

[5] "Serving hard liquor, particularly to one already drunk, has a consequence which is not open to successful dispute. Such action may well make the individual unreasonably aggressive, and enhance a condition in which it is foreseeable that almost any irrational act is foreseeable." *Carey,* 355 Mass. at 453.

Pollard *v.* Powers.

for a jury to determine whether the defendant neglected her duty to her guests and failed to protect the plaintiff from foreseeable harm. Contrast *O'Flynn* v. *Powers*, 38 Mass. App. Ct. 936, 937 (1995). The judgment is accordingly reversed, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*