Houston, J.
The plaintiffs Brian Burke (“Brian”), Mary Burke (“Mary”), and Robert Burke (“Robert”) (collectively, “the Burkes”), bring this action against the defendants, Thomas McGovern and Janet McGovern (collectively, “the McGoverns”), and William Curran and Susan Curran (collectively, “the Currans”), for liability, under a social host theory, for injuries their son sustained during a fight on May 24, 1997. In their complaint, the Burkes bring claims against both the McGoverns (Counts II and III) and the Currans (Counts IV and V) for negligent supervision of parties at their respective homes. The Burkes also bring claims for loss of consortium against the McGoverns (Counts VII, VIII, XII, and XIII) and the Currans (Counts IX, X, XTV, and XV). The McGoverns and the Currans now move for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the following reasons, the McGoverns and the Currans’ motions Eire ALLOWED as to all counts.
BACKGROUND
The facts, taken in the light most favorable to the plaintiffs as the nonmoving party in this summary judgment motion, are as follows.
On May 23, 1997, Brian was a guest at the home of his friend Michael Curran (“Michael”) in Wakefield, Massachusetts. Michael’s parents, the Currans, had departed for vacation in Maine earlier that day. They removed all alcohol from their home and instructed their son not to drink any alcohol while they were away. While at the Currans’, Brian, Michael, and some friends consumed alcohol. Brian drank beer that he had brought with him to the Currans’ and Michael drank rum.
That same evening, the McGoverns left their home in Melrose, Massachusetts for dinner at approximately 7:30 p.m. and returned after 10:00 p.m. In their absence, the McGoverns’ son, Thomas McGovern (“Thomas”), invited friends over to his parents’ house. The youths gathered at the McGoverns’ also consumed alcohol.[3]
At the Currans’ residence, at approximately 1:00 a.m., Michael received a call from a neighbor, John Walsh (“Walsh”). Walsh threatened Michael, and informed him that Walsh and several friends intended to come to the Currans’ house to “kill them.”
The youths met outside the Currans’ home and a fight ensued. During the fight, Brian was hit with either a hammer or a baseball bat by Abraham Ortolani (“Ortolani”) and sustained serious head injuries. As a result of his injuries, Brian has two areas of sceit tissue on his brain. The scarring and the medications prescribed to Brian for his injuries cause nausea, dizziness, fatigue, anxiety attacks, and head and muscle aches. In addition, Brian suffered memory loss and speech impairment.
The Burkes allege that the McGoverns and the Currans negligently failed to supervise the parties at their respective homes, and that, as a result, several youths, including Walsh and Ortolani, became excessively intoxicated and thereafter acted recklessly in the fight with Brian, causing Brian’s injuries. The Burkes contend that the McGoverns and the Currans, as social hosts, owed a duty of care to Brian which they breached by failing to properly supervise the parties at their respective homes.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the *359 moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Allstate Insurance Co. v. Reynolds, 43 Mass.App.Ct. 927, 929 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that as a result, the moving party is entitled to summary judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Id. at 17.
I. Social Host Liability
The Currans and the McGoverns argue that they are entitled to summary judgment on the claims against each of them for negligent supervision because they did not serve or provide liquor to the minors involved in the fight. See Cremins v. Clancy, 415 Mass. 289, 293 (1993) (stating that “the factor of control should continue to dominate consideration . . .”). The Currans and the McGoverns contend that the duty owed under social host liability “proceeds from the duty of care that accompanies the control of the liquor supply.” Ulwick v. DeChristopher, 411 Mass. 401, 406 (1991).
Under a theory of social host liability,[4] the Burkes must prove that the McGoverns and the Currans “knew or should have known that [a guest] was drunk [and] nevertheless gave him or permitted him to take an alcoholic drink.” McGuiggan v. New England Tel. & Tel. Co., 398 Mass. 156, 162 (1986). “(T]he decisions that have recognized social host liability... have done so only in circumstances where the host has served or provided liquor.” Ulwick, 401 Mass. at 406. “For such reasons, liability thus far has been found only in cases where drinks are made available by the host.” Id. In Ulwick, the court emphasized that “drinks made available by the host” means alcohol belonging to the host, not alcohol brought by guests and consumed in the host’s home. See id.
■ The summary judgment record contains no evidence to support the Burkes’ contention that either the Currans or the McGoverns served or provided alcohol to any minors, much less visibly intoxicated minors. Specifically, the Burkes have not provided any evidence to show that the McGoverns served or provided liquor to Ortolani, or that the Currans served or provided alcohol to Brian. Moreover, the Burkes have failed to provide evidence that the Currans or the McGoverns served or provided alcohol where the minors were visibly intoxicated.
Although there is evidence that minors drank at both the McGoverns’ and Currans’ homes on May 23, 1997, in both cases, there is no evidence that any of the parents was present at the time the alcohol was consumed. Therefore, the McGoverns and the Currans cannot be liable under a theory of social host liability. This is true even if the McGoverns or the Currans knew or should have known that alcohol would be available to guests in their home. See Langemann v. Davis, 398 Mass. 166, 169 (1986) (rejecting the argument that a parent, who neither provides alcoholic beverages nor makes them available, owes a duty to third persons to supervise a party given by her minor child, even if the defendant knew or reasonably should have known that alcoholic beverages would be available).
The only evidence that the McGoverns served or provided alcohol to the minors is a double hearsay statement in Michael’s affidavit which, by itself, is insufficient to establish a genuine issue of material fact. Even if Michael's statement was sufficient to establish that the McGoverns served or provided liquor to minors at their home on May 23, 1997, there is no evidence that the McGoverns served or provided liquor to Ortolani. Furthermore, even if the Burkes were able to establish that the McGoverns served or provided liquor to Ortolani, they must also provide evidence, which they have not, that Ortolani showed visible signs of intoxication. With respect to the Currans, Brian states that he and his friends only drank the beer that he brought with him to the Currans’ home. Although Michael drank rum, there is no evidence in the record to suggest that this rum was bought, served, or provided by the Currans.
II. Duty to Protect from Foreseeable Harm
The McGoverns and the Currans argue that they are entitled to summary judgment with respect to the Burkes’ claims that they violated a duty to protect Brian from foreseeable harm. The Burkes contend: (1) that the McGoverns served an excessive amount of alcohol to minors and that a phone call was made from the McGoverns’ home to the Burkes’ and, therefore, the McGoverns violated a duty to prevent a foreseeable harm to Brian; and (2) that Ortolani was on the Currans’ property before the attack.
“All the circumstances are examined in defining the scope of a duty of care based on the reasonable foreseeability of harm.” Whittaker v. Saraceno, 418 Mass. 196, 199 (1994). “The ‘obligations [a host] assume[s] [are] those which, considering customs and accepted social norms, one would reasonably expect [the host] to fulfill, no more and no less.’ ” Husband v. Dubose, 26 Mass.App.Ct. 667, 670 (1988). “As a general rule, *[t]here is no duty owed when the risk which results in the plaintiffs injury is not one that could be reasonably anticipated by the defendant.’ ” Id.
Massachusetts appellate authority has “rejected the argument [that a social host has a duty to prevent] the harm that might arise from the presence in a private house of a potentially dangerous guest.” Id. at 671, n.2. Furthermore, in Massachusetts, “(w]e have never imposed tort liability on a defendant whose premises are simply used for the consumption of alcoholic beverages, even with the defendant’s knowl *360 edge, where the defendant did not serve or supply the intoxicants.” Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 632-33 (1989).
As discussed above, the Burkes have not provided evidence that either the McGoverns or the Currans supplied or served alcohol to the minors involved in the fight with Brian. The evidence in the record shows that the fight did not occur anywhere near the McGoverns’ property and that none of the youths involved were at the McGoverns’ immediately preceding the fight. In addition, although one or more of the minors may have crossed over the Currans' property, they were not guests on the Currans’ property, and the fight did not take place on the Currans’ property. See Pollard v. Powers, 50 Mass.App.Ct. 515, 518 (2000); Husband, 26 Mass.App.Ct. at 670-71.
Although a call was made to the Currans’ prior to the fight, the evidence in the record indicates that the call was made from the Walsh residence and not the McGoverns.’ Moreover, even if there were grounds on which to hold the parties liable despite the remote occurrence of the fight, there is no evidence that either the McGoverns or the Currans were in any way responsible for the intoxicated state of the minors who attacked Brian. Thus, there is no evidence in the record that the McGoverns or the Currans owed a duty to Brian which they violated. Therefore, the McGoverns’ and the Currans’ motions for summary judgment on all counts relating to social host liability, or negligent supervision, shall be granted.
III. Loss of Consortium
The Burkes also bring claims for loss of consortium against the McGoverns and the Currans. A loss of consortium claim in Massachusetts is viewed as a separate and distinct cause of action, independent of the claim of the injured child. See Feltch v. General Rental Co., 383 Mass. 603, 607-08 (1986); Morgan v. Lalumiere, 22 Mass.App.Ct. 262, 271 (1986). However, in order for there to be a valid claim for loss of consortium, there must be proof of a tortious act that caused the claimant’s child personal injury. See Sena v. Commonwealth, 417 Mass. 250, 264 (1994). Therefore, although the Burkes' loss of consortium claims are independent from their negligent supervision claims, the “implicit prerequisite” for their consortium claims is that their claims for negligent supervision be “viable.” See id.
As discussed above, the McGoverns and the Currans are entitled to summary judgment as a matter of law because the Burkes cannot prove that either the McGoverns or the Currans were negligent under social host, or negligent supervision, theories. Therefore, since the Burkes have not demonstrated the McGoverns or the Currans committed tortious acts, their claims for loss of consortium cannot survive summary judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED the McGoverns’ and the Currans’ motions for summary judgment be ALLOWED as to Counts II, III, IV, V, VII, VIII, IX, X, XII, XIII, XIV, and XV.

 The parties dispute whether Ortolani was among those minors who consumed alcohol at the McGoverns’ residence.

 In this context, “negligent supervision” and “social host liability” are analogous claims. For the sake of clarity and consistence with the relevant law, this Court will address the plaintiffs claim in terms of social host liability.