Billings, Thomas P., J.
For the reasons set forth below, the Defendants’ Motion to Dismiss is ALLOWED.

FACTS

The Complaint alleges the following facts, which are accepted as true for purposes of the present motion.
On or about February 20, 2003, the defendants Bradford and Deborah Poison left their sixteen-year-old daughter, defendant Julie Poison, alone in the family home in Auburn, Massachusetts. Later that evening, Julie hosted a party at the house. Some of the attendees, who were under the drinking age, consumed alcoholic beverages on the premises.
During the party, while the plaintiff was lawfully on the premises, he was struck over the head with a large metal object. The person who struck him was under the drinking age, and was intoxicated. Powers suffered a fractured skull and brain damage.
The Complaint does not assert that any of the defendants served alcohol to any of the guests, and the parties appear to agree that the alcohol was furnished by one or more of the guests. Deborah and Bradford Poison were not present at the time of the parly and when the alleged incident occurred, nor does the Complaint allege that they knew in advance of Julie’s plans for a party; it does allege that they knew or should have known that their daughter was, by reason of her age and prior behavior, not fit to be left alone and unsupervised.
*452 The Complaint asserts claims for negligence against all three defendants. It alleges that Julie Poison was negligent in allowing her underage guests to consume alcohol on the property and to remain there while intoxicated; in allowing a large and unruly crowd to gather on the property and in failing to disperse it; in allowing a dangerous condition to exist and failing to warn the plaintiff of it; and in failing to take reasonable steps to prevent harm to him. Her parents are alleged to have been negligent in the same respects, and in leaving Julie in control of the property unsupervised.

DISCUSSION

This case is controlled by O’Flynn v. Powers, 38 Mass.App.Ct. 936 (1995). In O’Flynn, a teenager hosted a party while her mother, the owner of the house, was away. In short order the crowd grew to about fifty. Some of the guests brought beer and one, while visibly intoxicated, assaulted and injured another guest with a beer bottle. Id. at 937. Both mother and daughter were named as defendants in the ensuing lawsuit.
The Appeals Court affirmed the entry of summary judgment against the mother, noting that under Wallace v. Wilson, 411 Mass. 8, 11-12 (1991), “a parent who neither supplies alcoholic beverages nor serves them to the guests of her children is not liable as a social host to someone injured by an inebriated guest.” 38 Mass.App.Ct. at 937.
The case also affirmed the entry of summary judgment in the daughter’s favor. “Here again,” the court said, “there is a controlling case": Ulwick v. DeChristopher, 411 Mass. 401, 406-07 (1991).
In that case the court declined to impose supervisory responsibility on the host of a party where guests, as here, have provided their own drink. Cremins v. Clancy, 415 Mass. 289, 294 (1993), expressly rejected the plaintiffs’ argument that a host at abring-your-own party has a duty to control the consumption by guests of beverages they have brought to the party.
Id. In light of the Wallace, Ulwick, and Cremins cases, the court continued, “the appeal had no merit and the appellant ought to have known it.” The court therefore imposed double costs of appeal.
O’Flynn and the precedents it cites effectively dispose of this case, which is factually indistinguishable on any material point. The complaint will therefore be dismissed for failure to state a claim upon which relief may be granted.

ORDER

For the foregoing reasons, the Defendants’ Motion to Dismiss is ALLOWED.