Ferrara, John S., J.
Background
The plaintiff, Nancy Reusch was a captain in the Town of Warren’s Fire Department Emergency Medical Services Unit. She was injured while inspecting a ceiling in a fire station that had suffered water damage. She had used a chair to climb onto a desk to inspect sagging ceiling tiles. When she pulled on one of the tiles, water poured down. She realized that she could not safely remove the ceiling tiles herself, so she sought to get down from the desk and she slipped and fell and suffered personal injury.
The defendant, Five Star Building Corporation (hereinafter, “Five Star”) was a contractor who had repaired the roof of the fire station, or had subcontracted with another to make the repairs. Defendant asserts that Five Star Building Corp. is a domestic corporation formed by the defendant Kevin Perrier, who previously did business as Five Star Remodeling, and that for purposes of this hearing the two defendants are really one entity.
The defendant moved for summary judgment on the grounds that, (1) even if it was negligent, that the harm suffered by plaintiff was not a foreseeable conse *60 quence of that negligence, and (2) that a third party, Versico had warranteed the roof prior to the accident and was thereafter responsible for the roofs maintenance and condition. Defendant’s argument in its memorandum in support of the summaiy judgment motion seems to suggest that Versico’s warranty and its actions constituted a superceding, intervening event that would excuse Five Star from liability. In argument on defendant’s motion, the defendant abandoned the latter argument, and correctly so, since the material facts on Versico’s role and the significance of the warranty are disputed and could not be decided as a matter of summaiy judgment.
In argument, defendant stipulated that for the purposes of its summary judgment motion only, the Court may consider that the water leaking into the Fire Department building was coming through the roof as the result of some defect in the roof, and that Five Star was responsible for the leaking. The defendant asks the Court to allow its motion based on a finding that even if the defendant had been negligent in repairing the roof, the injury that the plaintiff suffered was not a foreseeable consequence of that negligence and, therefore, the defendant is not liable to plaintiff.
Summary Judgment Standard
Summaiy judgment is appropriate in those cases where no genuine issues exist as to material facts and where the moving party is entitled to judgment as a matter of law. Community Natl. Bank v. Dawes, 369 Mass. 550, 553, 340 N.E.2d 877 (1976); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422, 456 N.E.2d 1123 (1983); Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17, 532 N.E.2d 1211 (1989). Aparty moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809, 575 N.E.2d 1107 (1991). Accord Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716, 575 N.E.2d 734 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass. at 17, 532 N.E.2d 1211. “[W]hen a motion for summaiy judgment is made and properly supported, the non-moving party may not simply rest on pleadings, ‘but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.’ ” Correllas v. Viveiros, 410 Mass. 314, 317, 572 N.E.2d 7 (1991), quoting from Mass.R.Civ.P. 56(e), 365 Mass. 824 (1974).
In deciding motions for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553, 340 N.E.2d 877 (1976). Conflicts in the summaiy judgment materials and all logically permissible inferences are made in the motion opponent’s favor, Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203, 581 N.E.2d 475 (1991); but mere assertions of the existence of disputed facts without evidentiaiy support cannot defeat the summaiy judgment motion. LaLonde v. Eissner, 405 Mass. 207, 209, 539 N.E.2d 538 (1989). Bergendahl v. Massachusetts Elec. Co., 45 Mass.App.Ct. 715, 718-19, 701 N.E.2d 656, 659 (1998).
Discussion
While the issue of foreseeability is ordinarily a question of fact for the jury, Simmons v. Monarch Mach. Tool Co., 413 Mass. 205, 211, 596 N.E.2d 318 (1992), the court may decide the issue as a matter of law in the absence of evidence that the risk which resulted in the plaintiffs injuiy should reasonably have been anticipated by the defendant (i.e., in such a case, the defendant owed no duty to the plaintiff), Glick v. Prince Italian Foods of Saugus, Inc., 25 Mass.App.Ct. 901, 902, 514 N.E.2d 100 (1987). Glick involved a case where a motorist had driven through the exterior wall of a restaurant. Restaurant patrons brought an action against the owner. The Appeals Court upheld the trial court’s allowance of the defendant, restaurant’s motion for summaiy judgment, holding that the restaurant owner did not have duty to construct an impenetrable barrier surrounding its restaurant to protect patrons from automobiles crashing into the building as it was not reasonably foreseeable that such an incident would occur. Id.
The defendant cites the case of Hebert v. Enos, 60 Mass.App.Ct. 817 (2004), for the proposition that, “[o]ne is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is ... only remotely and slightly probable.” Id., at 822, citing, Falk v. Finkelman, 268 Mass. 524, 527, 168 N.E. 89 (1929), and Restatement (Second) of Torts, §435(2) (1965) (“The actor’s conduct may be held not to be a legal cause of harm to another where ... it appears to the court highly extraordinary that it should have brought about the harm”). In the Hebert case, the plaintiff brought an action to recover for personal injuries he suffered as a result of receiving a severe electric shock while lawfully on the defendant’s residential property to water the defendant’s flowers. Hebert claimed that the defendant’s faulty repairs of a second-floor toilet caused the toilet to overflow. The flooding water then reacted with the home’s electrical system, creating an electrical current that shocked *61 and injured Hebert when he touched the outside water faucet. The Court held that the likelihood, character, and location of the harm, permitted it to conclude as matter of law that the injuries sustained by Hebert were a “highly extraordinary” consequence of a defective second-floor toilet, and therefore were not foreseeable. Id., at 456. “Although we can envision a variety of foreseeable injuries arising out of a defective toilet, the electric shock to a neighbor when he touches a faucet outside the house is well beyond the ‘range of reasonable apprehension’ and therefore not foreseeable.” Id., at 457.
In the instant case, the accident that occurred was not as remote and farfetched as those that occurred in Glickman and Hebert. An injury arising from a slip and fall in water coming from a leaky roof falls within the range of reasonable apprehension of injuries that might arise from a defective roof. It does not matter whether the plaintiff, Captain Reuss slipped in the water while on the desk as she sought to remediate the problem with the ceiling tiles, or whether she simply slipped on water that had accumulated on the floors. Proximate cause does not require the particular act which caused the injury to have been foreseen, only that the general character and probability of the injury be foreseeable. Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 454, 245 N.E.2d 420 (1969).
While it may be that Captain Reusch’s climbing on the desk to inspect the tiles was improvident and was a substantial contributing factor to her injury, that is an issue of comparative negligence, and is a matter for a jury to decide.
ORDER
For these reasons, therefore, the defendant’s motion is DENIED.